BANKSTON v. COMMERCIAL TRUST & SAVINGS BANK.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1918.)

No. 3194.

SET-OFF AND COUNTERCLAIM ⊂⊃29(1)—SUBJECT OF COUNTERCLAIM.

   In a suit in equity in a federal court by an assignee of notes to foreclose a lien securing the same on real estate in Mississippi, a claim by defendant to a forfeiture under Code Miss. 1906, § 2795, which provides that, if an assignee of an indebtedness secured by a lien of record shall fail to have the assignment entered on the margin of the record or acknowledgment, and recorded within 30 days, "he shall forfeit to the debtor 10 per cent. of the amount of said indebtedness," cannot be pleaded as a counterclaim under equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi), since the claim is not one which could be the subject of an independent suit in equity, but is enforceable only at law, nor one arising out of the transaction which is the subject-matter of the suit.

Appeal from the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Suit in equity by the Commercial Trust & Savings Bank against W. L. Bankston. Decree for complainant, and defendant appeals. Affirmed.

F. A. Montgomery and W. L. Bankston, both of Tunica, Miss., for appellant.

William H. FitzHugh and Royden Dixon, both of Memphis, Tenn., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. The Commercial Trust & Savings Bank, a Tennessee corporation, instituted suit against appellant on two notes, executed by appellant as part purchase price of real estate situate in Mississippi. The land was purchased by Bankston from a special commissioner in causes pending in the chancery court of Tunica county. The notes, dated March 3, 1914, were transferred by the commissioner to Robert Wilson, trustee of the estate of a bankrupt, and were by him transferred to plaintiff below on May 12, 1915. Section 2795 of the Code of Mississippi of 1906 is to this effect:

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"All assignments, in whole or in part, of any indebtedness secured by mortgage, deed of trust, or other lien of record, shall be entered on the margin of the record of the lien within thirty days from the day of said assignment, or said assignment shall be acknowledged and filed for record within said time, and if the assignee of said indebtedness shall fail to comply with the provisions of this section, he shall forfeit to the debtor ten per cent. of the amount of said indebtedness."

The deed to Bankston retained a lien upon the real estate sold to secure the notes. This deed the grantee caused to be recorded. The transfer of the notes to Wilson was not entered upon the margin of the record, nor was the transfer of the notes to the plaintiff so entered. On December 6, 1915, the plaintiff filed for record an assignment of the lien, dated December 4, 1915. When sued upon the notes, the defendant Bankston filed a cross-bill, asking for judgment against plaintiff for $1,534.68, an amount claimed to have been forfeited to him as 10 per cent. of the indebtedness, for failure to enter the transfer within 30 days.

If there are any circumstances under which this forfeiture could be enforced against the plaintiff, it would be by suit at law. It is suggested that equity rules 23 and 30 (198 Fed. xxiv, xxvi, 115 C. C. A. xxiv, xxvi) authorize the counterclaim and cross-bill. Rule 23 is to this effect:

"If, in a suit in equity, a matter ordinarily determinable at law arises, such matter shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court."

Equity rule 30 provides:

"The answer must state, in short and simple form, any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which may be the subject-matter of an independent suit in equity against him."

To authorize the counterclaim it must either (1) arise out of the transaction which is the subject-matter of the suit; or (2) be a claim which might be the subject-matter of an independent suit in equity. The claim does not arise out of the transaction which is the subject-matter of the suit, and it could not be the subject-matter of an independent suit in equity. The suit against the defendant was based upon promissory notes executed by him, given for the purchase price of and secured by a lien on real estate in Mississippi. If a valid claim of any kind has arisen against the plaintiff, it does not arise out of that transaction, but is the result of a failure on its part, more than a year after the execution of the notes, and several weeks after its acquisition of them in Tennessee, to do something in the state of Mississippi, which failure the law of that state undertakes to make the basis of a forfeiture, but which does not affect the rights of the holders of the notes to recover. The only relationship of the forfeiture to the debt is that the debt furnishes the measure of the forfeiture. According to the terms of the statute, a forfeiture may accrue against every assignee of the note, and may be collected, notwithstanding the person incurring the forfeiture may no longer own the indebtedness.

A very reasonable doubt could arise as to whether the laws of the state of Mississippi could impose a penalty upon a citizen of Tennessee for a failure to do something in Mississippi; but a consideration of this and other questions which immediately suggest themselves as to the meaning, applicability, and validity of this statute, is unnecessary, in view of the conclusion reached that the claim cannot be asserted in this case.

The judgment is affirmed.